UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0276-B-5 |
| | § | |
| ADIEL FUENTES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Adiel Fuentes' Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons (Doc. 868). For the following reasons, Fuentes's Motion is **DENIED**.

I.

BACKGROUND

In 2014, Fuentes pleaded guilty on two counts: Conspiracy to Possess with Intent to Distribute and Conspiracy to Launder Monetary Instruments. Doc. 585, Judgment, 1. On October 9, 2014, the Court sentenced Fuentes to 18 years in prison. *Id.* at 2.

Fuentes is currently 45 years old and confined at Victorville Medium II Federal Correctional Institution with a release date of April 5, 2029.[1] Fuentes filed this Motion for Compassion Release on January 14, 2025. Doc. 852, Mot. The Court considers Fuentes's Motion below.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s inmate locator, available at https://www.bop.gov/inmateloc/ (last visited January 22, 2025).

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A.  *Fuentes Has Not Demonstrated Proof of Exhaustion.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In his Motion, Fuentes states that he did not submit a request for compassionate release to the warden. Doc. 868, Mot., 3. Thus, Fuentes did not satisfy the exhaustion requirement under § 3582.

B.  *Fuentes Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Even if Fuentes had demonstrated proof of exhaustion, Fuentes has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons"

that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (internal quotations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement–U.S.S.G. § 1B1.13–that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(a)(1)(A). The Fifth Circuit has held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . §1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release.").

Considering Fuentes's Motion in light of § 1B1.13, the Court concludes that Fuentes has not provided "extraordinary and compelling reasons" for release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Fuentes argues that he should be granted compassionate release because he received an unusually

long sentence and a change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed today. Doc. 868, Mot., 5.

Fuentes argues that there was a change in the law that would produce a gross disparity but provides no explanation on what grounds. Doc. 868, Mot., 5. However, the Fifth Circuit recently held that a non-retroactive change in the law "cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." *United States v. Austin*, 125 F.4th 688, 693 (5th Cir. 2025). The Court will therefore not consider this argument.

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." § 3553(a)(2)(A). Because Fuentes fails to show extraordinary and compelling reasons for release, the Court need not consider these factors today.

C.  *Fuentes's Request for Counsel Is Denied.*

Fuentes's request for appointment of counsel is denied. Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue." *E.g.*, *United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.), *aff'd*, 829 F. App'x 73 (5th Cir. 2020). However, the Fifth Circuit has found that there is "no constitutional right to appointed counsel for the purpose of bringing a § 3582(c)(2) motion." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). This has been interpreted and accepted by courts to "logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants

in court." *E.g.*, *United States v. Dirks*, No. 3:14-CR-0374-L-3, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020) (Lindsay, J.); *see also United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curiam) (finding no abuse of discretion when the district court denied a defendant's motion for appointed counsel under § 3582(c)(1)A)).

Nonetheless, the Court has discretion to appoint counsel when it determines that the "interest of justice" requires it. *See Diaz*, 2023 WL 1879404, at *3. Here, Fuentes's Motion presents a straightforward claim that his circumstances constitute an extraordinary and compelling reason justifying compassionate release. *See United States v. Smith*, No. 3:18-CR-0482-B-5, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.) (finding the defendant was not entitled to appointed counsel because his claims were not legally or factually complex); *United States v. Wagner*, No. 4:18-CR-155(1), 2021 WL 2118420, at *2 (E.D. Tex. May 25, 2021) (same). Moreover, Fuentes's Motion provides no support that appointing counsel would "benefit him or the court in addressing his motion." *United States v. Johnson*, No. 9:10-CR-26, 2023 WL 2479595, at *2 (E.D. Tex. Mar. 10, 2023). Accordingly, the Court finds that Fuentes is not entitled to appointment of counsel.

## IV.

## CONCLUSION

Fuentes's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. Therefore, the Court **DENIES** Fuentes's Motion (Doc. 868)**.**

SO ORDERED.

SIGNED: February 14, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE